IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MING SEN SHIUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-1370-F |
| v. | ) | |
| | ) | |
| JOSEPH SCIBANA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging an administrative classification decision by the United States Bureau of Prisons ("BOP"). Respondent has responded to the Petition. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

Petitioner is incarcerated serving a sentence of life imprisonment entered in the United States District Court for the District of Minnesota in 1980 for a conviction for kidnaping. Petitioner is also serving a concurrent 40-year sentence entered in Minnesota state court for his conviction for murder in the second degree. Petitioner was transferred to the Federal Correctional Institution at El Reno, Oklahoma ("FCI El Reno"), in November 2005. In December 2005, Petitioner was informed during a "Team Review" that he was classified to

a medium level facility, even though he was assessed as eligible for a minimum security eligible under BOP policy. The unit team informed Petitioner that it had determined Petitioner should be ascribed a "greater security" management variable in his classification record. Petitioner sought administrative relief in the form of removal of the "greater security" management variable from his Custody Classification Score. In January 2006, Petitioner submitted an "Inmate Request to Staff Member" requesting that the management variable be removed and that he be transferred to a lower security facility. In response to this administrative request, Petitioner was advised by his case manager that pursuant to BOP Program Statement 5100.07, a "greater security" management variable was applied to increase Petitioner's security classification because

> [s]pecifically in your case, you presently have a detainer for 2nd Degree Murder committed in Minnesota in conjunction with your instant federal offense which is not reflected on your BP-338. This detainer remains active until 2007. Further, during your trial on the instant offense, you took your victim hostage and held her captive with a knife. During the time you held her captive, you used the knife to cut your victim's face. Although the 2nd Degree Murder detainer alone would warrant the application of greater security, the hostage taking during your trial further represents to staff you require greater security than that which can be provided at a low level facility.

Brief in Support of Petition, att. 5. Unhappy with this response, Petitioner sought administrative relief from FCI El Reno Warden Scibana, the Respondent herein. In Warden Scibana's response to Petitioner's request, Warden Scibana advised Petitioner that in addition to Petitioner's federal offense of kidnaping "which included forced sexual assault" and his state offense in which Petitioner "kidnaped and murdered a 6-year-old boy" prison officials

had evidence that Petitioner had planned to escape by "dig[ging] into the wall around the window" in his cell. Id. Warden Scibana denied Petitioner's request for administrative relief. Id. Petitioner sought further administrative review of the matter, and a BOP Regional Director issued a response dated April 12, 2006, in which the official advised Petitioner that his appeal was denied. The official explained that BOP Program Statement 5100.07 allowed prison staff "to use professional judgement within specific guidelines to determine the most appropriate institution assignment for an inmate" and allowed the use of management variables as "a means for staff to document the basis for assigning an inmate to an institution which is not consistent with the security level on the Custody Classification form." Id. Because Petitioner's criminal history "demonstrates a propensity for violence and the need for greater security," the "greater security" management variable applied in his case was appropriate. Id.

In the final step of the administrative review process for federal prisoners, Petitioner sought administrative relief from the BOP's Central Office for National Inmate Appeals. In a response to Petitioner dated July 25, 2006, a National Inmate Appeals administrator advised Petitioner that

> Staff determined you required greater security than what is afforded at a Low security facility. This decision was based on the violence displayed during your instant offense that is detailed in the Warden's response. Consequently, a Greater Security Management Variable was applied to your Custody Classification scoring. The Management Variable of Greater Security justifies housing you in an institution not consistent with your security level. We do not find, nor have you provided, any evidence of discrimination with regard to this

> matter. We concur with this decision and find it in accordance with policy. P. S. 5100.07 does not entitle you to a particular classification or custody level. Your Unit Team will continue to review your custody classification during regularly scheduled program reviews.

Id.

Petitioner commenced the instant action on August 17, 2006, by filing his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. Petition (Doc. # 1, att. 2). With his Petition, Petitioner filed a 47-page Brief in Support of the Petition. Petition (Doc. # 1, att. 3). The action was transferred to this Court for jurisdictional reasons.

In his Petition and Brief in Support of the Petition, Petitioner maintains that the BOP's application of the "greater security" management variable to enhance his custody classification score is erroneous and arbitrary, and he seeks the removal of the management variable. Respondent filed a Response to the Petition on February 2, 2007, to which Petitioner filed a Reply.

In Petitioner's Reply, Petitioner for the first time asserts that he is entitled to have an expiration date attached to the application of the "greater security" management variable pursuant to new BOP Program Statement 5100.08, which supercedes BOP Program Statement 5100.07 and became effective September 12, 2006. Respondent has not addressed the intervening change in the policy or its affect upon Petitioner's claims for habeas relief.

It is well settled law that a prisoner has "no justifiable expectation that he will be incarcerated in any particular prison within a State" or "that he will be incarcerated in any

particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Rather, the transfer and classification of inmates are matters that are generally committed to the wide discretion of prison officials. Id. See Meachum v. Fano, 427 U.S. 215 (1976), Marchesani v. McCune, 531 F.2d 459, 461-462 (10th Cir. 1976).

A prisoner may establish a constitutionally-protected liberty interest in avoiding restrictive conditions of confinement only if the nature of the conditions of confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-484 (1995). See Wilkinson v. Austin, 545 U.S. 209, 223 (2005)(recognizing touchstone of inquiry into existence of a protected, state-created liberty interest in particular conditions of confinement is nature of those conditions in relation to ordinary incidents of prison life).

The BOP is authorized by statute to designate the facility where a federal prisoner is confined. 18 U.S.C. § 3621(b). The BOP has adopted Program Statements in an effort to "establish a set of guidelines for classifying prisoners within the custody of the BOP," and the BOP uses management variables described in the Program Statements "[i]n order to ensure a prisoner's placement in the most appropriate security level institution." Packard v. Sanders, 2006 WL 3096683 (E.D. Ark. Oct. 30, 2006)(slip copy). Such prison security classifications are considered "a necessary tool in the management and control of the penal and correctional institutions." Marchesani, 531 F.2d at 461-462. The classification of Petitioner to a medium security facility did not affect a significant alteration in the ordinary incidents of prison life. Nor has Petitioner shown that the classification decision will

inevitably affect the duration of his sentence. Sandin, 515 U.S. at 487. Because the classification of Petitioner for well-documented, security-related reasons, including the nature of his offenses and evidence of his attempt to escape, does not implicate a liberty interest, Petitioner's 28 U.S.C. § 2241 habeas Petition should be denied.

To the extent the Petition is construed to assert that prison officials should place an expiration date on the "greater security" management variable placed in his custody classification record, Petitioner is relying on a new BOP Program Statement. In BOP Program Statement 5100.08, effective September 12, 2006, BOP "provides that the length of the Greater Security Management Variable is for twenty-four months" Packard, 2006 WL 3096683, at *5. There is no evidence that the provisions of the new Program Statement will not be followed by prison officials in connection with Petitioner's regularly-scheduled custody reviews after the effective date of the new Program Statement. Thus, Petitioner's contention that an expiration date should be attached to the "greater security" management variable in his custody classification record is premature and without merit.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by June 7th, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal

issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 18th day of May, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE