IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MING SEN SHIUE, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| -vs- | )   Case No. CIV-06-1370-F |
| | ) |
| JOSEPH SCIBANA, Warden, | ) |
| | ) |
|       Respondent. | ) |

## **ORDER**

Before the court is petitioner, Ming Sen Shiue's Motion for Reconsideration (doc. no. 26), wherein petitioner, pursuant to Fed. R. Civ. P. 52(b), requests the court to issue finding of facts specially and state separately its conclusions of law for the claims averred in his habeas corpus petition. Petitioner also submits questions for the court to clarify the court's order and judgment entered on August 1, 2007 and to rule on the nine individual claim findings presented in his reply to respondent's response to the habeas corpus petition. Further, petitioner requests the court to amend its order and judgment by granting corrective relief to petitioner.

A motion under Rule 52(b) is to be filed "no later than 10 days after entry of judgment." Fed. R. Civ. P. 52(b). Because the time period prescribed by Rule 52(b) is less than 11 days, Rule 6(a), Fed. R. Civ. P., provides that intermediate Saturdays, Sundays and legal holidays are to be excluded in computing whether petitioner's motion was timely filed. Fed. R. Civ. P. 6(a). Therefore, in order to be timely under Rule 52(b) and Rule 6(a), petitioner's motion had to be filed no later than August 15, 2007. The motion was filed with the court on August 20, 2007.

The only way petitioner's Rule 52(b) motion could be deemed timely is if he is entitled to application of the prison mailbox rule. Under the prison mailbox rule, an inmate's motion is deemed filed at the time he delivers it to the prison authorities

for forwarding to the court. Houston v. Lack, 487 U.S. 266, 270 (1988). In order to be entitled to the benefit of the prison mailbox rule, a prisoner must either demonstrate compliance with the prison's legal mail system or submit a declaration or notarized statement setting forth the motion's date of deposit with prison officials and attest that first-class postage was prepaid. Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005); United States v. Ceballos-Martinez, 387 F.3d 1140 (10th Cir.), *cert. denied*, 543 U.S. 1005 (2004).

Upon review, the court concludes that petitioner is not entitled to application of the prison mailbox rule. Petitioner has not shown compliance with the prison's legal mail system. Petitioner has made no statement in his motion that he used his prison's legal mail system. The court has retained the envelope which contained petitioner's motion. Stamped on the envelope, which was transmitted by certified mail and postmarked August 17, 2007, is a statement from the prison indicating that the enclosed letter was "processed through special mailing procedures" on August 14, 2007. However, this statement does not provide sufficient proof to demonstrate that petitioner used a legal mail system. The court concludes that this case is distinguishable from U.S. v. Lee, 196 Fed. Appx. 719 (10th Cir. 2006), wherein the Tenth Circuit found that "a statement from the prison indicating that [defendant's] envelope was received and processed 'through special mailing procedures' on April 12, 2006, or 58 days after entry of judgment by the district court," coupled with defendant's independent assertion that he used a "third party mail system," was "sufficient proof to demonstrate that [defendant] used a legal mail system." Here, we have no independent assertion by petitioner of use of the prison's legal mail system and the purported statement by the prison does not show that it was received by the prison on August 14, 2007 and does not purport to be a receipt log. The court therefore finds that petitioner has not demonstrated compliance with the prison's legal mail system.

The court also finds that petitioner has not submitted a declaration or notarized statement setting forth the motion's date of deposit with prison officials and attesting that first-class postage was prepaid. Petitioner's motion does not contain any certificate of mailing. At the bottom of his motion, petitioner only states "Respectfully Submitted this 10th day of August, 2007." Without sufficient proof of compliance with the prison's legal mail system and having no declaration or notarized statement setting forth the motion's date of deposit with prison officials and attesting that first-class postage was prepaid, the court finds that petitioner is not entitled to the benefit of the prison mailbox rule and that his motion under Rule 52(b) is untimely filed and should be denied on that basis.[1]

To the extent that petitioner's motion could be construed as a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., the court finds that the motion, which is required to be filed within 10 days after entry of judgment, is untimely filed for the reasons previously stated. In any event, the court concludes that petitioner would not be entitled to relief under Rule 59(e) as he has not shown any manifest error of law. Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992) (purpose of Rule 59(e) is to correct manifest errors of law). To the extent that petitioner's motion could be construed as a motion for relief from final judgment under Rule 60(b), Fed. R. Civ. P., which may be filed later than 10 days after entry of judgment, the court concludes that petitioner has failed to show that he is entitled to relief under any of the grounds available under Rule 60(b).

---

[1] To the extent the court is incorrect in its ruling as to application of the prison mailbox rule, the court concludes that petitioner's motion under Rule 52(b) should be denied on the merits. A party may move to amend or supplement findings of the court in order to correct a manifest error in the court's findings of fact or conclusions of law. 9 James Wm. Moore, Moore's Federal Practice, § 52.60[4][a] (3d ed. 2007). The court finds no manifest error of fact or law requiring relief under Rule 52(b). The court concludes that no clarification of its denial of petitioner's habeas corpus petition is required. Relief requested by petitioner is not warranted.

3

Accordingly, petitioner, Ming Sen Shiue's Motion for Reconsideration (doc. no. 26) is **DENIED**.

DATED August 24, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1370p004.wpd